Hyman. C. J.
The defendant is appellant from a judgment condemning him to deliver to the plaintiff throe bales of cotton, which were sold by him to the plaintiff.
The defendant relies on several grounds for the reversal of the judgment.
The first is that written evidence of the contract of the sale of the cotton was improperly admitted, as there was no allegation in plaintiff’s petition that he had written evidence of the sale.
There is no provision of law that requires parties litigant to allege that their evidence is in writing before they adduce such evidence.
The second is, that as his receipt for the payment of the cotton sold to the plaintiff, states that payment was made in State money, he contends that the price by the contract of sale was agreed to be paid in State money» and that State money, being the consideration of the sale, was an unlawful consideration.
This is mere conjecture. The receipt does not state that State money was the kind of money the defendant agreed to' take when making the contract of sale, nor does the expression State money give a definite idea of the money that was paid. It does not show that such money was unlawful money.
The third is, that the receipt was improperly received in evidence» as on its face it had a suspicious appearance.
The copy of the receipt is in the transcript of ' appeal and there is nothing suspicious in the appearance of the copy. There was no evidence taken of the appearance of the receipt, to show that it was suspicious, and we are not permitted to look beyond the transcript of appeal to ascertain facts that are not transcribed therein.
The fourth and last ground relied on is, that the receipt was offered in evidence without'first having been stamped as required by the revenue laws of the United States.
The transcript does not show that it was received without a stamp, and we cannot presume that the District Judge permitted a wrong to be perpetrated on the government. See R. R. Roberts v. Sylvester Murray, 18th A. R. 573.
Let the judgment of the District Judge be affirmed, defendant to pay cost of appeal.
Rehearing refused.